UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE D. LEEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. TRUTH, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2039 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion requesting the appointment of counsel and injunctive relief. (ECF No. 8.) For the reasons set forth below, the court will deny the request for counsel and recommend that his request for injunctive relief be denied.

**I.　Motion to Appoint Counsel**

In support of his motion to appoint counsel, plaintiff alleges that he is a mental health patient at the EOP[1] level of care and he has trouble understanding and thinking such that he is not able to represent himself. (ECF No. 8 at 1.)

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs., tit. § 3040.1(d); Coleman v. Brown, 28 F.3d 1068, 1075 (E.D. Cal. 2014).

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Mental health issues may be grounds for appointment of counsel where the impairment is an "incapacitating mental disability" and plaintiff "present[s] substantial evidence of incompetence." Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425 at *3 (S.D. Cal. Feb. 6, 2017). While plaintiff has alleged he is a participant in the California Department of Corrections and Rehabilitation's Mental Health Services Delivery System at the EOP level of care, such an allegation, without more, is not sufficient to show that he is unable to articulate his claim pro se. Accordingly, the court will deny the motion to appoint counsel.

**II.     Motion for Injunctive Relief**

In addition to his request for counsel, plaintiff's filing contains a postscript requesting the court order he be transferred to California Health Care Facility. (ECF No. 8 at 1.) He states he needs a transfer because California Medical Facility ("CMF"), where he is presently housed, is retaliating against him for filing this lawsuit.

**A. Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

2

1   balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
2   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief
3   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
4   Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

5         Alternatively, under the so-called sliding scale approach, as long as the plaintiff
6   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
7   public interest, a preliminary injunction may issue so long as serious questions going to the merits
8   of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
9   the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the
10  "serious questions" version of the sliding scale test for preliminary injunctions remains viable
11  after Winter).

12        The principle purpose of preliminary injunctive relief is to preserve the court's power to
13  render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
14  Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
15  that the relief awarded is only temporary and there will be a full hearing on the merits of the
16  claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is
17  not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See
18  Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court
19  may issue an injunction if it has personal jurisdiction over the parties and subject matter
20  jurisdiction over the claims . . . .").

21        In cases brought by prisoners involving conditions of confinement, any preliminary
22  injunction must be narrowly drawn, extend no further than necessary to correct the harm the court
23  finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."
24  18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is
25  strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110
26  ////
27  ////
28  ////

(1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**B. Analysis**

It is well settled that prisoners have no constitutional right to placement in any particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  While plaintiff has alleged retaliation, however, he has not identified any specific actions or identified any specific defendant or individual taking retaliatory actions against him.  Thus, plaintiff has failed to show that there is a threat to his safety that is "actual and imminent" rather than "conjectural or hypothetical" or "fairly traceable to challenged conduct of the defendant."  Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  Accordingly, the court will recommend that plaintiff's motion for emergency transfer be denied.

**III.   Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign this action to a United States District Judge; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied.

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Additionally, IT IS HEREBY RECOMMENDED that plaintiff's request for injunctive relief (ECF No. 8) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 16, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/leen2039.31+pi