UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE D. LEEN, | No. 2:20-cv-02039 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| M. TROTH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him and disregarded his serious medical needs in violation of his Eighth Amendment rights. Plaintiff also alleges his safety was threatened, violating his rights under the Eighth Amendment. Before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will be given the option to proceed on his cognizable claims or be given leave to amend his complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

////

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

In his complaint, plaintiff states that, at all relevant times, he was an inmate at California Medical Facility ("CMF"). (ECF No. 1 at 1.) Plaintiff names as defendants California Department of Corrections and Rehabilitation ("CDCR") Sergeant M. Troth, CDCR correctional officer N. Chu, CDCR correctional officer B. Williams, and CDCR correctional officer I. Contreras. (Id.)

Plaintiff alleges the following: on July 28, 2020, plaintiff "touched officer N. Chu on his hand" while plaintiff was seated in his wheelchair. (Id. at 3.) In response, defendant Chu pulled plaintiff's arms behind plaintiff's back and struck plaintiff in the lower back with his knee and foot. (Id.) Plaintiff has a surgical scar on his back that defendant Chu was aware of. (Id.) Defendant Williams "gained control" of plaintiff's legs and defendant Chu grabbed plaintiff's arms. (Id.) Defendant Troth then arrived and "did three knee strikes to [plaintiff's] face and used closed fists to punch the top and sides of [plaintiff's] head and face." (Id.) Defendants Troth and Williams "slammed" the plaintiff onto the floor. (Id.) They then proceeded to get on plaintiff's

back and punch him in his back, behind the ears, his ribs, and the center of his spine below his neck. (Id.) Plaintiff was spitting up blood so a "spit mask" was placed on him. (Id.) Plaintiff was also placed on a gurney by other correctional officers. (Id.) Once there, officer Contreras bent plaintiff's wrist and pulled on it, causing plaintiff's flesh to "twist" and become lacerated. (Id.)

Plaintiff claims that "there is no safe place in CMF" and that he has previously attempted suicide due to harassment by staff." (Id. at 4.) Plaintiff also alleges that following the incident on July 28, 2020, he was not provided with medical treatment for injuries he sustained. (Id. at 5.) Specifically, plaintiff is experiencing "severe pain in [his] upper back and a patch of bump skin on [his] upper back in the middle area where [defendant Troth] had his knee placed." (Id.) Plaintiff states that he has 10 screws in his spine as well as "cages, bars, and allograft wedges" as a result of "severe spinal stenosis." (Id.)

Plaintiff requests relief in the form of four million dollars plus the payment of additional fees. (Id. at 6.) Plaintiff also requests the court order specific pain medication for the plaintiff, require defendants to undergo mandatory training, and order that plaintiff be transferred to a different institution. (Id.)

**IV.    Does Plaintiff State a § 1983 Claim?**

**A. Possible Failure Exhaust Administrative Remedies**

The complaint appears to suggest that plaintiff has not properly exhausted his administrative remedies at CMF prior to filing the instant action. (See ECF No. 1 at 3) (stating plaintiff "did submit" a grievance and that it was "filed on time" but indicating that the grievance process has not been completed). As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. However, the plaintiff is again warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in support of the dismissal of this

action. See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

### B. Substantive Claims

#### 1. Eighth Amendment Generally

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

#### 2. Excessive Force

##### i. Legal Standards for Excessive Force

For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 7). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8, and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-38 (citing Hudson, 503 U.S. at 9-10).

##### ii. Analysis of Excessive Force Claims

###### a. Defendant N. Chu

Plaintiff claims defendant Chu used excessive force by kneeing and kicking plaintiff in the back where defendant Chu was aware plaintiff had a surgical scar. Plaintiff has alleged sufficient facts to state a claim against defendant Chu excessive force.

Under the facts alleged, defendant Chu kneed and kicked plaintiff in response to plaintiff touching defendant Chu's hand. (ECF No. 1 at 3.) Kicking and kneeing plaintiff does not appear

6

to be necessary to maintain or restore discipline after plaintiff touched defendant Chu's hand. As such, these allegations are sufficient to state a claim under the Eighth Amendment. Wilkins, 559 U.S. at 37.

Accordingly, plaintiff has alleged sufficient facts to state a claim against defendant Chu for use of excessive force in violation of plaintiff's Eighth Amendment rights.

### b. Defendants M. Troth and B. Williams

Plaintiff claims defendants Troth and Williams used excessive force against the plaintiff when they "slammed" him into the floor, sat on his back, and punched him in the back, on the ribs, and behind the ears. (ECF No. 1 at 3.) Plaintiff also claims defendant Troth performed "three knee strikes to [plaintiff's] face and used closed fists to punch the top and sides of plaintiff's head and face" while plaintiff's arms and legs were held by defendant Chu and Williams. (Id.) As alleged, these facts are sufficient to establish an excessive force claim against defendants Troth and Williams.

If true, the facts above are sufficient to show defendant Troth and Williams' actions were not necessary to maintain or restore discipline and were potentially intended to "maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37. Plaintiff states these actions were in response to plaintiff touching defendant Chu's hand. (Id.) The use of knee strikes to plaintiff's head and punches to his head and body while plaintiff is held down does not appear to serve any sort of disciplinary purpose in response to plaintiff touching defendant Chu's hand.

Accordingly, plaintiff has alleged sufficient facts to state a claim against defendants Troth and Williams for use of excessive force in violation of plaintiff's rights under the Eighth Amendment.

### c. Defendant I. Contreras

Plaintiff claims defendant Contreras used excessive force against the plaintiff by twisting plaintiff's wrist causing his skin to be lacerated. (ECF No. 1 at 3.) Plaintiff has alleged sufficient facts to state a claim for excessive force against defendant Contreras.

////

////

Plaintiff alleges defendant Contreras twisted plaintiff's wrist while plaintiff was on a gurney following the events involving defendants Chu, Williams, and Troth. (Id.) Under the facts alleged, this use of force was not necessary to restore or maintain discipline. As such, this would constitute excessive physical force for purposes of the Eighth Amendment. Wilkins, 559 U.S. at 37.

As such, plaintiff has alleged sufficient facts to state a claim against defendant Contreras for violating plaintiff's Eighth Amendment rights through the use of excessive force.

### 3. Deliberate Indifference to Medical Needs

#### i. Legal Standard for Deliberate Indifference to Medical Needs

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

////

1   Before it can be said that a prisoner's civil rights have been abridged with regard to
2   medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'
3   'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
4   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also
5   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
6   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
7   Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of
8   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for
9   the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

10   Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
11   at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a
12   plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th
13   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;
14   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,
15   200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
16   1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would
17   provide additional support for the inmate's claim that the defendant was deliberately indifferent to
18   his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

19   Finally, mere differences of opinion between a prisoner and prison medical staff or
20   between medical professionals as to the proper course of treatment for a medical condition do not
21   give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,
22   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662
23   F.2d 1337, 1344 (9th Cir. 1981).

### ii. Analysis of Medical Needs Claims

25   Plaintiff alleges that he has not received adequate medical care for injuries he sustained
26   during the incident on July 28, 2020. Specifically, plaintiff claims that he is suffering from
27   "severe pain" in his upper back and "a patch of bump skin" where defendant Troth placed his
28   ////

9

1  knee on plaintiff's back. (ECF No. 1 at 5.) Plaintiff has not alleged sufficient facts to state a
2  claim for deliberate indifference to medical needs.

3  To state a medical needs claim, a plaintiff must establish both that serious medical needs
4  existed and that the defendant acted with deliberate indifference to those serious medical needs.
5  McGuckin, 974 F.2d at 1059. While plaintiff might be able to establish that serious medical
6  needs existed, he has not alleged any facts which show defendants acted with deliberate
7  indifference to those medical needs. Even further, plaintiff has not alleged facts which establish
8  that any defendant had knowledge of plaintiff's back pain. A defendant cannot act with
9  deliberate indifference unless the defendant was "aware of facts from which the inference could
10 be drawn that a substantial risk of serious hard exists." Farmer, 511 U.S. at 837. As plaintiff has
11 not alleged any facts which satisfy this knowledge requirement, the complaint fails to show
12 deliberate indifference by the defendants.

13 Accordingly, plaintiff has not alleged sufficient facts to state a medical needs claim.
14 Plaintiff will be given the option to proceed on his cognizable claims or be given leave to amend
15 his complaint.

16 **4. Threat to Safety**

17 **i. Legal Standard for Threat to Safety Claims**

18 Prison officials have a duty "to take reasonable measures to guarantee the safety of
19 inmates, which has been interpreted to include a duty to protect prisoners." Labatad v.
20 Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at
21 832-33 and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of
22 this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of
23 serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of
24 Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

25 A failure to protect claim under the Eighth Amendment requires a showing that "the
26 official [knew] of and disregard[ed] an excessive risk to inmate... safety." Farmer, 511 U.S. at
27 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of
28 fact subject to demonstration in the usual ways, including inference from circumstantial evidence,

. . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

### ii. Analysis of Threat to Safety Claims

Plaintiff claims his safety has been threatened as he was harassed by CMF staff leading him to attempt suicide. (ECF No. 1 at 4.) Plaintiff also alleges that defendant Cabrera gave plaintiff "every possible punishment" and "wants [plaintiff] to get killed on a level 1, 180 prison yard." (Id.) Plaintiff has not alleged sufficient facts to establish an Eighth Amendment claim for failure to protect the plaintiff from risk of harm.

Plaintiff's allegation that defendant Cabrera wants him to be killed is conclusory. It does not establish that there was an excessive risk to plaintiff's safety or that defendant Cabrera was deliberately indifferent to this risk. Labatad, 714 F.3d at 1160. Additionally, plaintiff's claim that he has been harassed by CMF staff does not appear to involve any allegation that defendants were deliberately indifferent to a threat to plaintiff's safety. Id. It is possible that plaintiff could state a claim based on harassment by CMF staff. However, plaintiff has not currently alleged any facts which establish such a claim.

Accordingly, plaintiff has failed to allege sufficient facts to state a claim for failure to protect the plaintiff from a threat to his safety in violation of his Eighth Amendment rights. Plaintiff will be given the option to proceed on his cognizable claims or be given leave to amend his complaint.

### AMENDING THE COMPLAINT

This court finds above that plaintiff has alleged sufficient facts to state a cognizable claim against defendants Troth, Williams, Chu, and Contreras for use of excessive force in violation of his Eighth Amendment rights. However, the complaint fails to state any other claims. Plaintiff

will be given the option to either proceed on his cognizable claims or be given leave to amend his complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff states a cognizable Eighth Amendment claim against defendants Troth, Chu, Williams, and Contreras for excessive force.
4. Plaintiff fails to state any other cognizable claims in the complaint
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.

/////

/////

/////

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 26, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/leen2039.scm

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE DEWDROP LEEN,<br><br>    Plaintiff,<br><br>  v.<br><br>M. TROTH, et al.,<br><br>    Defendants. | No. 2:20-cv-02039 KJM DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against CDCR Correctional Officers M Troth, N. Chu, B. Williams, and I. Contreras. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

____ Plaintiff wants to amend the complaint.

DATED:_____

                                                            Dovie Dewdrop Leen
                                                            Plaintiff pro se

15