UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE DEWDROP LEEN,<br><br>Plaintiff,<br><br>v.<br><br>M. TROTH, et al.,<br><br>Defendants. | No. 2:20-cv-02039 DJC DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is defendants' motion to strike plaintiff's unauthorized sur-reply. (ECF No. 34.) For the reasons set forth below, the court will deny the motion to strike and grant defendants leave to file a response to plaintiff's unauthorized sur-reply.

**BACKGROUND**

Plaintiff initiated this action by filing the original complaint. (ECF No. 1.) Upon screening, the undersigned determined the complaint contained a potentially cognizable excessive force claim against defendants, stemming from an incident that occurred on July 18, 2020. (ECF No. 15.) Defendants then filed an answer, a motion for summary judgment, and a motion to stay discovery on March 1, 2022. (ECF Nos. 27, 28, and 29.)

////

1

1    Defendants argue that they are entitled to summary judgment because plaintiff did not
2    exhaust his administrative remedies.  (ECF No. 28-2 at 1.)  Specifically, they indicate that
3    plaintiff did not file a grievance with the Office of Grievances until January 2, 2021, which the
4    Office rejected as untimely and which plaintiff did not appeal.  (Id. at 2, 4.)  In support of the
5    motion, they produced copies of plaintiff's grievance log and corresponding grievance forms
6    ("602 forms"), none of which report his excessive force allegations to the Office of Grievances
7    prior to the mandatory sixty-day deadline. One grievance submitted on December 24, 2020
8    requests a response to a previous 602 form plaintiff claims to have filed about his excessive force
9    allegations, though it does not specify when he submitted these allegations to the Office of
10   Grievances.  (ECF No. 28-6 at 56.)

11   Plaintiff subsequently filed a document called "response to claims of not exhausting and
12   proof of service."  (ECF No. 30.)  In it, he asserts that he submitted a 602 form about his
13   excessive force allegations to the Office of Grievances within thirty days of July 18, 2020.  (ECF
14   No. 30 at 2-3).  He suggests that he submitted it in August 2020 but does not identify an exact
15   date.  (Id. at 3.)  Plaintiff then accuses staff of discarding the 602 form, as well as the
16   aforementioned 602 form he submitted on December 24, 2020.  (Id.)

17   Defendants filed a reply in support of their motion for summary judgment, denying
18   plaintiff's accusations.  (ECF No. 31 at 2.)  They also filed an affidavit by the officer plaintiff
19   accused of discarding his 602 form, Sergeant M. Brady, in which Brady explained that "inmates
20   were allowed to drop their 602s off into a locked drop box when released for showers" and that
21   he and his staff "did not have the key to this drop box and were unable to access any 602s placed
22   within this box for any reason."  (ECF No. 31-5, ¶ 4.)  The affidavit does not discuss whether
23   inmates may file grievances by mail.

24   Two months after defendants filed their reply, plaintiff filed a document titled "opposition
25   to defendant's [sic] claim that exhaustion was not complete and to the defendant's [sic] motion
26   for summary judgment and declaration."  (ECF No. 33.)  For the first time, plaintiff claims to
27   have submitted two 602 forms about his excessive force allegations on July 23 and 26, 2020,
28   respectively, by U.S. mail.  (ECF No. 33 at 1.)  He states that he placed the envelopes outside his

2

1    cell to be picked up and waited ninety days for a response to account for delays caused by the
2    COVID-19 pandemic. (Id.) He then filed the December 24 grievance, and later, the January 2
3    grievance. (Id.) Plaintiff also accuses staff of not informing him about updated grievance
4    procedures while he was assigned to administrative segregation after the July 18 incident. (Id.)

5    Defendants have moved to strike plaintiff's opposition as an unauthorized sur-reply.
6    (ECF No. 34.) In support of their motion, they argue that a sur-reply is not permitted by the local
7    rules, is not recognized by the Federal Rules of Civil Procedure, and their motion for summary
8    judgment was fully briefed on April 27, 2022. (Id. at 3.) In the alternative, defendants request
9    leave to file a response to plaintiff's opposition within 30 days of the court's order. (ECF No. 34
10   at 4.) Plaintiff has filed an opposition to defendant's motion to strike. (ECF No. 35.)

## MOTION TO STRIKE

12   The Local Rules provide for a motion, an opposition, and a reply. See E.D. Cal. R. 230(l).
13   There is nothing in the Local Rules or the Federal Rules that provides the right to file a sur-reply.
14   The court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, No.
15   CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However,
16   district courts have the discretion to either permit or preclude a sur-reply. See JG v. Douglas
17   County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse
18   discretion in denying leave to file a sur-reply where it did not consider new evidence in reply).

19   Defendants have correctly argued that plaintiff does not have the right to file a sur-reply.
20   Plaintiff has also failed to file a motion seeking leave to file a sur-reply. In opposing the motion
21   to strike, plaintiff states that he did not intend for the document that he called an "opposition" to
22   be a response to defendants' reply in support of the motion for summary judgment. (ECF No. 33.)
23   At the time of filing, plaintiff claims he did not know that defendants had filed a reply because he
24   had not yet received a copy. He believed that the court would construe the "opposition" as part of
25   his response to defendants' motion for summary judgment, rather than a response to their reply.
26   (ECF No. 35 at 1.) In light of plaintiff's pro se status, the court will deny defendants' motion to
27   strike.
28   ////

Additionally, the court will grant defendants' request for leave to file a response to plaintiff's opposition. Plaintiff's opposition introduces new information not contained in his complaint or initial response to defendants' motion for summary judgment, including claims that he submitted two 602 forms about his excessive force allegations by U.S. mail on July 23 and 26, 2020. Defendants have not had the opportunity to address these claims or the process for submitting grievances by mail, and their response will aid the court in evaluating the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 34) is denied.
2. Defendants' request for leave to respond to plaintiff's opposition is granted; and
3. Defendants shall file a response to plaintiff's opposition (ECF No. 33) within 30 days of the date of this order.

Dated: May 25, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Civil.Rights/Routine/leen2039.mts