UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE DEWDROP LEEN, | No. 2:20-cv-2039 DJC DB P |
| Plaintiff, | |
| v. | ORDER |
| M. TROTH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2023, the Magistrate Judge filed Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within twenty days. (ECF No. 40.) Plaintiff has filed objections to the Findings and Recommendations, and Defendant filed a response.

The Court has reviewed the file and finds the Findings and Recommendations to be supported by the record and by the Magistrate Judge's analysis as to the Motion to Appoint Counsel.

////

1   The Court does not adopt the Magistrate Judge's finding on the Motion for
2 Summary Judgement as the Plaintiff has established a genuine issue of material fact
3 making summary judgement inappropriate.  Contrary to the Magistrate Judge's
4 assertion, not all self-serving declarations are per se unable to establish a genuine
5 issue of material fact.  "[D]eclarations are often self-serving, and this is properly so
6 because the party submitting it would use the declaration to support his or her
7 position." *Nigro v. Sears*, Roebuck & Co., 784 F.3d 495, 497-98 (9th Cir. 2015).   If a
8 declaration contains factual information based on personal knowledge the declaration
9 is properly considered as evidence on a motion for summary judgement. *Thomas v.*
10 *Kuo*, No. 1:16-CV-00524-DAD-EPG, 2019 WL 2369898, at *13 (E.D. Cal. June 5, 2019),
11 *report and recommendation adopted*, 2019 WL 3003955 (E.D. Cal. July 10, 2019).  It is
12 self-serving *conclusory* statements which are insufficient to establish a genuine issue
13 of fact.  *Nigro*, 784 F.3d at 497 ("The district court can disregard a self-serving
14 declaration that states only conclusions and not facts that would be admissible
15 evidence.")
16   This case differs from *Rodgers v. Reynaga*, cited by the Magistrate Judge, which
17 determined that the plaintiff's "conclusory allegations of his own declaration" could
18 not, on its own, establish that the guards interfered with his grievance.  No. CV 1–06–
19 1083-JAT, 2009 WL 2985731, at *2 (E.D. Cal. Sep. 16, 2009).  In contrast, here, Plaintiff
20 provides factual information to support his allegations  including that he had
21 submitted multiple 602 grievances for minor incidents prior to this incident, and was
22 familiar with the grievance procedure and the applicable time limits; that he
23 submitted two grievances against the Defendants on July 23 and July 26, 2020 which
24 he placed in the mail and which were picked up by the guards; and that the guards on
25 duty screened all of the outgoing mail, providing opportunity for them to dispose of
26 or interfere with Plaintiff's grievance filings.  (*See* ECF Nos. 30 and 33.)  Plaintiff also
27 provides evidence showing that he submitted inquiries about the alleged grievances,
28 and he states that he believed the September 21, 2022 camera interview was in

response to the July 23, 2020 grievance he filed because it occurred about 60 days after the filing. (ECF No. 30.) This evidence supports an inference that a grievance had been filed. Plaintiff's filing and declarations do not just contain conclusory allegations that the guards interfered with the grievance process.

Whether Plaintiff's evidence is credible is not a determination for the Court to make. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts'" to the finder of fact. *Foster v. Metropolitan Life Ins. Co.*, 243 F. App'x 208, 210 (9th Cir. 2007) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). If found true, these facts are sufficient to support a finding that Plaintiff submitted timely grievances, and that those grievances were interfered with, thus excusing his failure to exhaust. As such, Plaintiff has established a genuine dispute of material fact that makes summary judgement inappropriate here. The Court accordingly DENIES Defendants' Motion for Summary Judgement.

Because the Court is not adopting the findings on the Motion for Summary Judgement, the Defendants may renew their Motion to Stay Discovery which the Magistrate Judge denied without prejudice to renewal.

Further, Defendants have filed a Motion to Strike, ECF 44, Plaintiff's Reply, as unauthorized. While the Court acknowledges that the reply was not authorized, in the interest of justice, the Court will allow the filing to remain and will DENY the Motion to Strike.

////
////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 17, 2023 (ECF No. 40) are adopted as to Plaintiffs' Motion to Appoint Counsel (ECF No. 32);
2. Defendants' Motion to Strike (ECF No. 44) is DENIED; and
3. Defendants' Motion for Summary Judgement (ECF No. 28) is DENIED.

IT IS SO ORDERED.

Dated:  **September 29, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE