UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVIE D. LEEN,<br><br>    Plaintiff,<br><br>  v.<br><br>M. TROTH, et al.,<br><br>    Defendants. | No. 2:20-cv-2039 DJC DB P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. On September 29, 2023, the district court denied defendants' motion for summary judgment. (ECF No. 45.) Thereafter, defendants filed a renewed request for an evidentiary hearing to determine whether plaintiff exhausted administrative remedies. (ECF No. 46.)

      By order dated November 21, 2023, the undersigned granted defendants' request for an evidentiary hearing and appointed Donald A Lancaster Jr. to represent plaintiff for the limited purpose of assisting plaintiff during the evidentiary hearing. (ECF No. 47.) The parties were directed to contact Courtroom Deputy Shelly Her to ascertain a date for the in-person evidentiary hearing. (Id.) The parties have complied with the court's order and a date has been ascertained. The court will therefore, set out procedures for the evidentiary hearing.

////

**I.   Witnesses**

All unincarcerated witnesses shall appear at the hearing in person. Incarcerated witnesses, including plaintiff, may opt to appear in person or via Zoom. Plaintiff's counsel shall inform the court in writing regarding whether plaintiff will appear in person or via Zoom within forty-five days of the date of the hearing so that the court can issue the necessary writ for plaintiff's attendance at the hearing.

On or before twenty-eight (28) days prior to the hearing, the parties shall file and serve witness lists. Each party may call any witness designated by the other.

   A. No other witnesses will be permitted to testify unless:

      1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing; or

      2. The witness was not discovered until after the exchange of witness lists and the proffering party makes the showing required in "B" below.

   B. Within the twenty-eight-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witness shall be permitted to testify. The witnesses will not be permitted unless:

      1. The witness could not reasonably have been discovered prior to the exchange of witness lists;

      2. The court and the opposing party were promptly notified upon discovery of the witnesses; and

      3. If time permitted, the party proffered the witnesses for deposition or, if time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

   C. If either party seeks to call an incarcerated witness, they must comply with the following procedures:

////

1. An incarcerated witness who agrees voluntarily to attend the hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court or produce the witness to appear remotely via Zoom.  This court will not issue an order unless the prospective witness is willing to attend, and the prospective witness has actual knowledge of relevant facts.  The party seeking to call the incarcerated witness shall file a motion for a court order requiring that the incarcerated witness be brought to court for the evidentiary hearing.
2. The motion shall be accompanied by a statement containing the witnesses (1) name; (2) inmate identification number; and (3) address.  The statement should also be accompanied by an affidavit showing that the witness is willing to testify and that the witness has actual knowledge of relevant facts.
3. If any party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit a motion for the attendance of such witness along with the witness list.  Such motion should include the same information as set forth above.
4. The court will review and rule on any motion for the attendance of incarcerated witnesses, specifying which prospective witnesses shall be produced at the hearing and issue any orders necessary for the witness' attendance at the hearing.

**II.     Exhibits, Schedules, and Summaries**

Both parties shall file and serve copies of their exhibits fourteen days prior to the evidentiary hearing.  Any objections to the exhibits may be raised at the hearing.  The parties are encouraged to meet and confer to determine whether any stipulations may be made regarding authenticity or admissibility of exhibits to be presented during the hearing.

A. No other exhibits will be permitted to be introduced unless:
1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated; or

      2. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "B" below.

B. Within the fourteen-day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing party were promptly informed of their existence; and

    3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not or cannot be copied, the proffering party must show that he or she has made the exhibit(s) reasonably available for inspection by the opposing party.

C. Plaintiff will use numbers to mark exhibits; defendant will use letters.

Accordingly, IT IS HEREBY ORDERED that an in-person evidentiary hearing is set for February 26, 2024, at 9:00 a.m. at 501 I Street, Sacramento, California, Courtroom # 27; the parties shall prepare for the hearing in accordance with the terms set forth in this order.

Dated: December 14, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/R/leen2039.ev hrg set